UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

FAUSTINO GOMEZ, RAFAEL VILLEGAS, and
LUIS RODRIGUEZ, on behalf of themselves and
all others similarly situated,

                      Plaintiffs,

         -against-

K.E.S. CONSTRUCTION CO., INC. and ABBAS
G. MALIK,

                    Defendants.

-------------------------------------------------------------------- X

**21 Civ. 7524**

**COLLECTIVE AND CLASS
ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiffs Faustino Gomez, Rafael Villegas, and Luis Rodriguez (together, "Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of defendants K.E.S. Construction Co., Inc. ("KES") and Abbas G. Malik (collectively, "Defendants"), allege:

## NATURE OF THE ACTION

      1.     Defendants employed Plaintiffs as construction workers, required them to work over forty hours per workweek, and paid them on a day rate basis.  In addition, Defendants failed to furnish Plaintiffs with weekly wage statements accurately reflecting all of their hours worked and wages paid.

      2.     Plaintiffs bring this action on behalf of themselves and all similarly situated construction workers who worked on Defendants' construction worksites within the last six years to recover unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3.     This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.     Venue is proper in this Court under 28 U.S.C. § 1391, because events giving rise to Plaintiffs' claims occurred in Manhattan, New York.

## THE PARTIES

**Plaintiffs**

5.     Faustino Gomez resides in Brooklyn, New York.

6.     Gomez worked as a foreman, caulker, and scaffold worker for Defendants from approximately 2014 through May 18, 2021.

7.     Rafael Villegas resides in Staten Island, New York.

8.     Villegas worked as a caulker and scaffold worker for Defendants from approximately 2013 through May 18, 2021.

9.     Luis Rodriguez resides in Staten Island, New York.

10.     Rodriguez worked as a caulker and scaffold worker for Defendants from approximately 2014 through May 18, 2021.

**Defendant K.E.S. Construction Co., Inc.**

11.     Defendant K.E.S. Construction Co., Inc. is a New York corporation located at 15 Swan Street, Staten Island, New York 10301.

12.     KES specializes in masonry restauration, roofing, paver systems, waterproofing, concrete patching, bricklaying and replacements, weather coating, exterior façade cleaning, pointing and caulking, and stone work (*e.g.*, marble, limestone, terra cotta, and granite).

13.    In the last six years, KES has performed construction work in several locations in Manhattan, including at 3 Park Avenue, 575 Lexington Avenue, 135 East 57th Street, 121 Varick Street, 498 7th Avenue, 245 West 107th Street, and 432 West 52nd Street.

14.    KES has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials moved in or produced for interstate commerce by any person.

15.    In each of the three years preceding the filing of this Complaint, KES's annual gross volume of sales exceeded $500,000.

16.    KES is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

**Defendant Abbas G. Malik**

17.    Defendant Abbas G. Malik is Chief Executive Officer of KES.

18.    Throughout Plaintiffs' employment, Malik had the power and authority to hire and fire construction workers at KES.  For example, Malik hired all three Plaintiffs and authorized foremen to hire other construction workers at KES.

19.    Throughout Plaintiffs' employment, Malik decided the daily wage rates paid to construction workers at KES, including the rates paid to Plaintiffs.

20.    Throughout Plaintiffs' employment, Malik decided to pay construction workers at KES, including Plaintiffs, on a per day worked basis.

21.    Throughout Plaintiffs' employment, Malik would tell KES supervisors the worksites where construction workers, such as Plaintiffs, would work.  Malik would also inform construction workers directly about their worksite assignments.

22.    Throughout Plaintiffs' employment, Malik decided construction workers' start times, including Plaintiffs' daily start times.

23.     Malik exercised sufficient control over the operations of KES and Plaintiffs' employment to be considered Plaintiffs' employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

24.     Throughout their employment at KES, Plaintiffs and other construction workers performed masonry, bricklaying, concrete, stucco, and other construction work in buildings in the New York City metropolitan area, often in Manhattan.

25.     Defendants failed to furnish Plaintiffs and other construction workers with wage statements reflecting their overtime wage rates and all of their hours worked with each payment of their weekly wages.

26.     Throughout their employment, Plaintiffs and other construction workers at KES worked varying schedules.  However, on average, construction workers typically worked approximately 57 hours per workweek, six days per week from approximately 6:30 a.m. to 4:30 p.m., with a thirty-minute break per workday.

27.     At points throughout their employment, Plaintiffs and other construction workers worked an additional day, totaling over 60 hours worked on workweeks when they worked seven days.

28.     For example, on the workweek ending January 19, 2020, Villegas worked approximately 63 hours throughout seven workdays.

29.     For example, on the workweek ending June 6, 2020, Villegas worked approximately 59 hours throughout six workdays.

**Defendants' Wage Payment Practices**

30.     Throughout Plaintiffs' employment at KES, Defendants paid Plaintiffs and other construction workers on a per-day-worked basis.

31.     Defendants paid Gomez $100 per day worked in and before 2017.

32.     Defendants paid Gomez $120 per day worked in approximately 2018.

4

33.    Defendants paid Gomez $155 per day worked in approximately 2019.

34.    Defendants paid Gomez $175 per day worked in approximately 2020.

35.    Defendants paid Gomez $180 per day worked in approximately 2021.

36.    Defendants paid Villegas $120 per day worked in approximately 2015.

37.    Defendants paid Villegas $135 per day worked in approximately 2016.

38.    Defendants paid Villegas $150 per day worked in approximately 2017.

39.    Defendants paid Villegas $160 per day worked in approximately 2018.

40.    Defendants paid Villegas $170 per day worked in approximately 2019.

41.    Defendants paid Villegas $180 per day worked from approximately 2020 through the second to last month of his employment.

42.    For example, on the workweek ending March 8, 2021, Defendants paid Villegas gross wages of $1,080, equal to six days worked times $180 per day.

43.    Defendants paid Villegas $200 per day worked during the last month of his employment in 2020.

44.    For example, on the workweek ending May 10, 2021, Defendants paid Villegas total gross wages of $1,000, equal to $200 per day for five days worked, with $600 paid on a payroll check subjected to tax deductions and withholdings and $400 paid on a corporate check not subject to deductions or withholdings.

45.    Defendants paid Rodriguez $100 per day worked before approximately 2017.

46.    Defendants paid Rodriguez $120 per day worked in approximately 2017.

47.    Defendants paid Rodriguez $140 per day worked in approximately 2018.

48.    Defendants paid Rodriguez $160 per day worked in approximately 2019.

49.    Defendants paid Rodriguez $170 per day worked in approximately 2020.

50.     Defendants paid Rodriguez $180 per day worked from approximately January 2021 through his second to last month of his employment.

51.     Defendants paid Rodriguez $200 per day during the last month of his employment in 2021.

## COLLECTIVE ACTION ALLEGATIONS

52.     Plaintiffs bring this action on behalf of themselves and all similarly situated construction workers who worked at KES within the three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

53.     The FLSA Collective consists of over sixty construction workers who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by willfully denying them overtime wages.

54.     Throughout Plaintiffs' employment, Plaintiffs and the FLSA Collective have regularly worked more than forty hours on at least some workweeks in the last three years, have performed virtually the same construction work duties, and have been subjected to Defendants' common pay policies depriving them of overtime wages at the rate of one and one-half times their regular hourly wage rates for hours worked over forty per workweek.

55.     Defendants are aware or should have been aware that the FLSA required them to pay Plaintiffs and the FLSA Collective an overtime premium for hours worked over forty per workweek.

56.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiffs and the FLSA Collective.

57.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  All similarly situated construction workers can be readily identified and located through Defendants'

records.  They should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

58.     Plaintiffs bring the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated construction workers who work or have worked for KES within the six years prior to the filing of this Complaint (the "Rule 23 Class").

59.     The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

60.     The size of the Rule 23 Class exceeds one hundred individuals, although the precise number of such employees is unknown.  Facts supporting the calculation of that number are presently within the sole control of Defendants.

61.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

62.     Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including the following:

    a.  whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged in this Complaint;

    b.  whether Defendants failed to pay the Rule 23 Class at the correct overtime wage rate for hours worked in excess of forty per workweek;

    c.  whether Defendants failed to provide the Rule 23 Class with accurate wage statements as required by the NYLL and WTPA; and

    d.  the nature and the extent of the class-wide injury and the measure of damages for those injuries.

63. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the members of the Rule 23 Class work or have worked for Defendants at various times within the applicable six-year statutory period. They enjoy the same statutory rights under the NYLL to be paid at the overtime rate for all hours worked over forty in a workweek. Plaintiffs and the Rule 23 Class have sustained similar types of damages because of Defendants' failure to comply with the NYLL.

64. Plaintiffs and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

65. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

66. Plaintiffs have retained legal counsel competent and experienced in wage-and-hour litigation and class action litigation.

67. There is no conflict between Plaintiffs and the Rule 23 Class members.

68. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery because of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

69. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

70. Plaintiffs incorporate by reference all previous paragraphs.

71. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked over forty per workweek.

72. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiffs and the FLSA Collective.

73. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' and the FLSA Collective's compensation.

74. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

75. Due to Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

76. Plaintiffs incorporate by reference all previous paragraphs.

77. Pursuant to the NYLL and supporting New York State Department of Labor ("NYDOL") Regulations, Defendants were required to pay Plaintiffs and the Rule 23

Class one and one-half (1½) times their regular hourly rates of pay for all hours worked over forty per workweek.

78.     Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting NYDOL Regulations, and employed Plaintiffs and the Rule 23 Class.

79.     Defendants failed to pay Plaintiffs and the Rule 23 Class overtime wages equal to one and one-half (1½) times their regular hourly rates of pay per hour worked over forty per workweek.

80.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class overtime wages.

81.     Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**THIRD CLAIM**
**(New York Labor Law – Failure to Provide Accurate Wage Statements)**

82.     Plaintiffs incorporate by reference all previous paragraphs.

83.     Defendants failed to furnish Plaintiffs and the Rule 23 Class, with each wage payment, with a statement accurately reflecting their: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

84.     Due to Defendants' violation of the NYLL, § 195(3), Plaintiffs and the Rule 23 Class are entitled to recover from Defendants liquidated damages of $250.00 per

workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1–d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court:

a.      certify this case as a class action pursuant to Rule 23 for the class of employees described in this Complaint, designate Plaintiffs as the class representatives, and designate Plaintiffs' counsel as Class Counsel;

b.      designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

c.      declare that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

d.      declare that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

e.      declare that Defendants' violations of the FLSA and NYLL were willful;

f.      award Plaintiffs, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

g.      award Plaintiffs and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish them with accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

h.    award Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

i.    award Plaintiffs and the Rule 23 Class pre- and post-judgment interest under the NYLL;

j.    awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

k.    award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated:  New York, New York
        September 9, 2021

PECHMAN LAW GROUP PLLC

By:  *s/Louis Pechman*
     Louis Pechman
     Gianfranco J. Cuadra
     Pechman Law Group PLLC
     488 Madison Avenue, 17th Floor
     New York, New York 10022
     Tel.: (212) 583-9500
     pechman@pechmanlaw.com
     cuadra@pechmanlaw.com

     *Attorneys for Plaintiffs, the Putative FLSA Collective, and Putative Rule 23 Class*