UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAUSTINO GOMEZ, RAFAEL VILLEGAS, and
LUIS RODRIGUEZ, on behalf of themselves and
all others similarly situated,

                          Plaintiffs,

    -v-

K.E.S. CONSTRUCTION CO., INC. and ABBAS
G. MALIK,

                      Defendants.

CIVIL ACTION NO.: 2 1 Civ. 7524 (PAE) (SLC)

**REPORT OF RULE 26(f) CONFERENCE AND
PROPOSED CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Cave's Individual

Practices, the parties met on December 9, 2021 (at least one week before the Initial Case

Management Conference) and exchanged communications thereafter. The parties now submit the following

report for the Court's consideration:

1.     <u>**Court Expectations**</u>:

    **Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

    **Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

    **Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

    **Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Cave's Individual Practices Page.**

**Counsel represent by their signature below that they have read and will comply with the above.**

2.     <u>**Summary of Claims, Defenses, and Relevant Issues**</u>:

Plaintiff(s):
Plaintiffs were employed as construction workers with Defendants and bring claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for unpaid overtime wages. Specifically, Plaintiffs regularly worked over forty hours per workweek but were paid on a day-rate basis.  In addition, Plaintiffs bring claims under the NYLL for Defendants' failure to furnish them with weekly wage statements.

Defendant(s):
 Defendants dispute Plaintiffs' hours worked, wage rates, and manner of pay.


**3.      Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):**

Plaintiffs' claims arise under federal law, specifically the FLSA.


**4.      Subjects on Which Discovery May Be Needed:**

 Plaintiff(s):
Plaintiffs anticipate discovery of employment records maintained by Defendants, specifically payroll and time records for all putative class members for the period September 9, 2015 to September 9, 2021. Plaintiffs also anticipate discovery concerning Defendants' wage payment practices and policies.  Plaintiffs' counsel will use this information to calculate class-wide damages for settlement purposes.

 Defendant(s):

Defendants anticipate discovery relating to the same subject matter.

**5.      Informal Disclosures:**

        Plaintiff[s] disclosed the information required by Rule 26(a)(1) of the Federal Rules of Civil

Procedure on December 9, 2021.  On December 30, 2021, Plaintiff[s] will produce an initial set of

relevant documents identified in [its/their] Initial Disclosures and will continue to supplement[its/

their] production.

        Defendant[s] disclosed the information required by Rule 26(a)(1) of the Federal Rules ofCivil

Procedure on December 9, 2021.  On December 30, 2021, Defendant[s] will produce an initial set

of relevant documents identified in [its/their] Initial Disclosures and will continue to supplement

[its/their] production.

**6.**      **Discovery Plan:**

The parties jointly propose to the Court the following discovery plan:

A.      All discovery must be completed by June 24, 2022.

Within **one week** of the close of fact discovery, that is July 1, 2022, the parties must file a joint letter on

the docket certifying that fact is discovery is complete.

B.      The parties will conduct discovery in accordance with the Federal Rules of Civil

Procedure, the Local Rules of the Southern District of New York, and Judge Cave's IndividualPractices.

The following interim deadlines may be extended by the parties on written consentwithout application

to the Court, **provided that** the parties meet the deadline for completing factdiscovery set forth in

paragraph 6(A) above.

  i.      Depositions: Depositions shall be completed by May 13,2022 and limited to nomore
          than  3  depositions per party. Absent an agreement betweenthe parties or an order
          from the Court, non-party depositions shall follow initialparty depositions.

  ii.     Interrogatories: Initial sets of interrogatories shall be served on or before January 17,
          2022. All subsequent interrogatories must be served no later than 30days before the fact
          discovery deadline.

  iii.    Requests for Admission: Requests for admission must be served on  or before
          May 20, 2022         , and in any event no later than 30 days before the fact
          discovery deadline.

  iv.     Requests for Production:     Initial requests for production were/will be
          exchanged on January 17, 2022 and responses shall be due on March 21, 2022.
          All subsequent requests for production must be served no later than 30 days before
          the discovery deadline.

      v.        <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

**7.**      <u>**Anticipated Discovery Disputes**</u>:

Describe any anticipated discovery disputes or proposed limitations on discovery.

None.

**8.**      <u>**Amendments to Pleadings**</u>:

      a.      Does any party anticipate amending the pleadings? N/A_____.

      b.      Last date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) is N/A_____. Amendment of pleadings after this date will only be permitted upon a showing of"good cause" under Fed. R. Civ. P. 16(b)(4).

**9.**      <u>**Expert Witness Disclosures**</u>:

      a.      Does any party anticipate   utilizing  experts?<u> No</u>_____.

      b.      Expert discovery shall be  completed by: N/A_____.

Within **one week** of the close of expert discovery, that is, _____, the parties must file a   joint

letter on the docket certifying that all discovery is complete. This letter should also statewhich

dispositive motions, if any, each party intends to file.

**10.**      <u>**Electronic Discovery and Preservation of Documents and Information**</u>:

      a.      Have the parties discussed discovery of electronically stored information (ESI)? No.

      b.      Is there an ESI discovery protocol in place? If not, the parties expect to have onein place by <u>December 30, 2021</u>.

      c.      Are there issues the parties would like to address concerning preservation ofevidence and/or ESI discovery at the Initial Case Management Conference? <u>No.</u>

**11.**     **Early Settlement or Resolution:**

The parties <u>have not</u> discussed the possibility of settlement. The parties request a

settlement conference by no later than   <u>April 28, 2022                                    </u>. The following information

is needed before settlement can be discussed:

Time and Pay Records, on a class-basis, and all other documents relating to wage payment practices and policies.

**12.**     **Trial:**

a.      The parties anticipate that this case will be ready for trial by <u>September 5, 2022</u>.

b.      The parties anticipate that the trial of this case will require <u>3-4</u> days.

c.      The parties <u>do not</u> consent to a trial before a Magistrate Judge at this time.

d.      The parties request a <u>jury</u> trial.

**13.**     **Other Matters:**

If the Parties cannot resolve the dispute at the settlement conference, Plaintiffs anticipate making motions for conditional certification of an FLSA Collective Action followed by a motion for Rule 23 class action certification. Plaintiffs would make these motions at some point in June, before the end of discovery.
Respectfully submitted this  <u>  7th   </u> day of <u>March, 2022</u>      .

ATTORNEYS FOR PLAINTIFF(S):                    ATTORNEYS FOR DEFENDANT(S):

 */s/ Gianfranco J. Cuadra*                              */s/ Meng Michelle Cheng*
 Gianfranco J. Cuadra, Esq.                              Meng Michelle Cheng, Esq.

Dated:         New York, New York
               March  8 , 2022

SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**

5