UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAUSTINO GOMEZ, RAFAEL VILLEGAS, and LUIS RODRIGUEZ, on behalf of themselves and all others similarly situated,<br><br>                        Plaintiffs,<br><br>-v-<br><br>K.E.S. CONSTRUCTION CO., INC. and ABBAS G. MALIK,<br>                        Defendants. | CIVIL ACTION NO.: 21 Civ. 7524(PAE)(SLC)<br><br>**REPORT OF RULE 26(f) CONFERENCE AND** ~~PROPOSED~~ **CASE MANAGEMENT PLAN** |

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Cave's Individual Practices, the parties met on December 9, 2021 (at least one week before the Initial Case Management Conference) and exchanged communications thereafter. The parties now submit the following report for the Court's consideration:

**1.**    **Court Expectations:**

    **Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

    **Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

    **Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

    **Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Cave's Individual Practices Page.**

**Counsel represent by their signature below that they have read and will comply with the above.**

**2.**    **Summary of Claims, Defenses, and Relevant Issues:**

Plaintiff(s):
Plaintiffs were employed as construction workers with Defendants and bring claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for unpaid overtime wages. Specifically, Plaintiffs regularly worked over forty hours per workweek but were paid on a day-rate basis. In addition, Plaintiffs bring claims under the NYLL for Defendants' failure to furnish them with weekly wage statements.

Defendant(s):
Defendants dispute Plaintiffs' hours worked, wage rates, and manner of pay.

**3.    Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):**

Plaintiffs' claims arise under federal law, specifically the FLSA.

**4.    Subjects on Which Discovery May Be Needed:**

Plaintiff(s):
Plaintiffs anticipate discovery of employment records maintained by Defendants, specifically payroll and time records for all putative class members for the period September 9, 2015 to September 9, 2021. Plaintiffs also anticipate discovery concerning Defendants' wage payment practices and policies. Plaintiffs' counsel will use this information to calculate class-wide damages for settlement purposes.

Defendant(s):

Defendants anticipate discovery relating to the same subject matter.

**5.    Informal Disclosures:**

Plaintiff[s] disclosed the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on December 9, 2021. On December 30, 2021, Plaintiff[s] will produce an initial set of relevant documents identified in [its/their] Initial Disclosures and will continue to supplement[its/their] production.

Defendant[s] disclosed the information required by Rule 26(a)(1) of the Federal Rules ofCivil Procedure on December 9, 2021. On December 30, 2021, Defendant[s] will produce an initial set of relevant documents identified in [its/their] Initial Disclosures and will continue to supplement [its/their] production.

**6.     Discovery Plan:**

The parties jointly propose to the Court the following discovery plan:

    A.     All discovery must be completed by . July 29, 2022

Within **one week** of the close of fact discovery, that is 8/5/2022 , the parties must file a joint letter on the docket certifying that fact is discovery is complete.

    B.     The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and Judge Cave's IndividualPractices. The following interim deadlines may be extended by the parties on written consentwithout application to the Court, **provided that** the parties meet the deadline for completing factdiscovery set forth in paragraph 6(A) above.

        i.     Depositions: Depositions shall be completed by June 30, 2022 and limited to nomore than 3 depositions per party. Absent an agreement betweenthe parties or an order from the Court, non-party depositions shall follow initialparty depositions.

        ii.     Interrogatories: Initial sets of interrogatories shall be served on or before January 17, 2022. All subsequent interrogatories must be served no later than 30days before the fact discovery deadline.

        iii.     Requests for Admission: Requests for admission must be served on or before  July 8, 2022 , and in any event no later than 30 days before the fact discovery deadline.

        iv.     Requests for Production:    Initial requests for production were/will be exchanged on January 17, 2022 and responses shall be due on March 3, 2022.All subsequent requests for production must be served no later than 30 days before the discovery deadline.

      v.      <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

**7.** **<u>Anticipated Discovery Disputes</u>:**

Describe any anticipated discovery disputes or proposed limitations on discovery.

None.

**8.** **<u>Amendments to Pleadings</u>:**

    a.    Does any party anticipate amending the pleadings? N/A_____.

    b.    Last date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) is N/A_____. Amendment of pleadings after this date will only be permitted upon a showing of "good cause" under Fed. R. Civ. P. 16(b)(4).

**9.** **<u>Expert Witness Disclosures</u>:**

    a.    Does any party anticipate utilizing experts? <u>No</u>_____.

    b.    Expert discovery shall be completed by: N/A_____.

Within **one week** of the close of expert discovery, that is, ____, the parties must file a joint letter on the docket certifying that all discovery is complete. This letter should also state which dispositive motions, if any, each party intends to file.

**10.** **<u>Electronic Discovery and Preservation of Documents and Information</u>:**

    a.    Have the parties discussed discovery of electronically stored information (ESI)?
No.

    b.    Is there an ESI discovery protocol in place? If not, the parties expect to have one in place by <u>December 30, 2021</u>.

    c.    Are there issues the parties would like to address concerning preservation of evidence and/or ESI discovery at the Initial Case Management Conference? <u>No.</u>

4

**11.   Early Settlement or Resolution:**

The parties have not discussed the possibility of settlement. The parties request a settlement conference by no later than ___June 10, 2022___. The following information is needed before settlement can be discussed:

Time and Pay Records, on a class-basis, and all other documents relating to wage payment practices and policies.

**12.   Trial:**

   a.   The parties anticipate that this case will be ready for trial by   October 14, 2022

   b.   The parties anticipate that the trial of this case will require 3-4 days.

   c.   The parties do not consent to a trial before a Magistrate Judge at this time.

   d.   The parties request a jury trial.

**13.   Other Matters:**

If the Parties cannot resolve the dispute at the settlement conference, Plaintiffs anticipate making motions for conditional certification of an FLSA Collective Action followed by a motion for Rule 23 class action certification. Plaintiffs would make these motions at some point in June, before the end of discovery.
Respectfully submitted this ___8th___ day of ___April, 2022___.

ATTORNEYS FOR PLAINTIFF(S):                    ATTORNEYS FOR DEFENDANT(S):

_____                        _____
Gianfranco J. Cuadra, Esq.                     Meng Michelle Cheng, Esq.


Dated:   New York, New York
         April 11, 2022

SO ORDERED.

_Sarah L. Cave_
SARAH L. CAVE
United States Magistrate Judge

5